Our next case on the call of the dark this morning is agenda number 5, case number 115-329, People v. Tousiant. Counsel for the appellant, please proceed. May it please the court, counsel. My name is Brian McLeish. I'm here with the Illinois Attorney General's Office representing the people of the state of Illinois. There's only one reading of Rule 604D's consultation clause that is consistent with both the language and the purpose of the rule, and that's the reading stated in the people's briefs. It says counsel need not consult with defendant about the sentence and the guilty plea in every case. Instead counsel must consult with the defendant about defendant's contentions of error – excuse me – the defendant's contentions of error in the sentence, when defense has challenged the sentence. And counsel must consult with defendant about defendant's contentions of error in the guilty plea when the defendant has challenged the guilty plea. This starts with the consultation clause itself, which uses the word or. I won't get into that unless the Court has questions about the plain language of that particular clause, I think, that's been discussed. But the rule as a whole also supports this reading. First of all, if the drafters of the rule wanted counsel to ferret out any contention of error the defendant might have in the sentence or the guilty plea, then the rule would call for appointment of counsel before any motion was filed, and in all cases, whether defendant has indicated that he or she wants to challenge anything. Instead, the rule does not call for the appointment of counsel until defendant has spoken up and filed a motion challenging either the sentence or the guilty plea. And it's important to remember that 604D's consultation clause is really just a discrete backstop. It's not the main protection. So the main protections are the 402 admonishments when defendant chooses to plead guilty. That's when any potential errors in the guilty plea should be ferreted out. The second layer of protection is the Sixth Amendment right to counsel. If defendant wants to assert some contention of error in his sentence or his guilty plea and tells counsel about that, then, of course, counsel has an obligation, an ethical obligation to present that to the court to the best of counsel's ability, and that's what the Sixth Amendment requires. Further, the 605D admonishments regarding the waiver of appeal tell the defendant that if you want to challenge your guilty plea or your sentence, you have to do that within 30 days of the entry of the sentence. So defendant knows to speak up. If defendant has contentions of error in the guilty plea and files only a motion to reconsider sentence or directs his attorney to file only a motion to reconsider sentence, defendant knows that he's waiving any contentions of error in the guilty plea. Defendant cited people that's given, suggesting that the rule handed down there suggests that counsel should consult with the defendant about the guilty plea in all cases because counsel must consult with the defendant or must read the transcripts of the guilty plea in all cases. The main lesson from Fitzgibbon is the opposite. The main lesson from Fitzgibbon is that the court will apply the Rule 604D as it's written and not read in extra requirements just because they may be a good idea. The drafters are the ones that decide whether these additional protections are a good idea. They crafted a discrete rule that required discrete actions by counsel and that is to consult with the defendant about his contentions of error in the sentence or in the guilty plea, depending on which contentions of error defendant has raised in his motion. Counsel, is it limited to what's raised in the motion or is it just the counsel has the obligation to talk to the defendant about his or her concerns, whether it's guilty or the plea or the sentence? I'm just trying to trash your argument. Sure, sure. It depends. If the defendant has said, I want to challenge my sentence and my guilty plea, then counsel has an obligation both under 604D and an ethical obligation to ascertain defendant's contentions of error in both of those things. If defendant has filed a pro se motion challenging only the sentence or only the guilty plea, then counsel is required to consult with defendant about either of those things. And if defendant has not filed a pro se motion but has told his appointed or in this case retained counsel that I want to challenge just the sentence, then counsel is required to consult with the defendant about just the sentence. And the same would be true if defendant wanted to challenge or told counsel that he wanted to challenge just the guilty plea, counsel must only consult with the defendant about contentions of error in the guilty plea. So unless there are further questions, we ask that this Court reverse the appellate court and affirm the circuit court's denial of defendant's motion to reconsider sentence. Thank you, Your Honors. Counsel? Just one. Sorry, Your Honor. The problem with serving on the court for a long time, you run into old cases that may affect your view. The case now, are you familiar with People v. Fitzgibbons? Yes, Your Honor. Is there anything that I wrote in that that could affect my view of this case? Yes, Your Honor. I think that so that one of the things we said in Fitzgibbon is that the one of the things that you said in Fitzgibbon is that the guilty plea, the guilty plea, you have to review the transcripts of the guilty plea because of the constitutional implications. And I would concede perhaps that Fitzgibbon might have more weight here if defendant was arguing only that counsel must consult with defendant about errors, the contentions of error in the guilty plea in all cases. But that's not the only thing that defendant's reading would imply. Defendant's reading would also imply that even when defendant is challenging just the guilty plea, counsel must consult with defendant about contentions of error in the sentence. And that seems counter to this Court's reasoning in Fitzgibbon. The Court's reasoning in Fitzgibbon, the Court's holding in Fitzgibbon was that counsel need not review the transcripts of the sentencing proceedings even when defendant has challenged his sentence. So it would be curious indeed if counsel never had to review the sentencing transcripts, but when defendant has challenged the guilty plea, counsel must say, oh, by the way, do you have any contentions of error in the sentence? When the Court in Fitzgibbon held and reasoned that's the guilty plea that's special and the guilty plea carries these special constitutional implications. And the Court would have to be able to review and consult with the defendant   Good.  Mr. Joseph? Yes. I think that that was a 98 case and 96 people versus Evans, I don't recall, who wrote that. Are you familiar with that case? Yes, Your Honor. And how does that – how do I face that case? I'm sorry. So perhaps you could tell me what your concern is reconciling Evans with this case. Well, if he wants to challenge only his sentence, he must move to withdraw the guilty plea and vacate the judgment so that in the event the motion is granted, the parties are returned to the status quo. Evans regarded a negotiated plea, right? So in that – I think Evans, again, supports our reading and here's why. If defendant has entered into a negotiated plea, then we know that the only motion that defendant can make is to withdraw his guilty plea. He can't argue anything about the sentence until he's withdrawn his guilty plea. So if defendant has entered into a negotiated sentence, there's essentially nothing to challenge with regard to the sentence unless defendant withdraws his plea. And if defendant withdraws his plea, then the sentencing hearing is out the window. The judgment is vacated. So it would be silly for – to require counsel to say if – so if defendant has entered into a negotiated plea and now under Evans is seeking to withdraw that plea, it would be silly for counsel to say, oh, by the way, do you have any contentions of error in the sentence? Because it doesn't matter. Defendant can't challenge the sentence. His only recourse is to move to withdraw the guilty plea. Thank you. Thank you, Your Honor. Are there any other questions? Thank you. Thank you. May it please the Court. Counsel. My name is Nancy Vincent, and I'm with the Office of the State Appellate Defender, and I represent the appellee in this case, Mitchell Toussignon. I guess we really don't agree – or don't disagree on much. You know, we do agree that the goal of Rule 604D is to streamline the entire process of adjudicating claims involving guilty pleas. The entire idea was to reduce the volume of appeals from guilty pleas. And we also agree that the rule is supposed to assure that the system operates as it is intended to operate. And I think we also do agree that there is only one reading that is consistent with the purpose of the rule. What we disagree on is what that reading is. And I think the words of the Rule 604D guide what the interpretation should be. And I think what's important there is that the word, the very end of the rule, talks about counsel is supposed to identify any defects in the proceedings and present those. If counsel was supposed to just limit him or herself to the claims made known by the defendant, the rule would have said that. And in fact, Rule 651C, which is the rule that applies to post-conviction cases, says exactly that. For Rule 651C, what counsel is supposed to do is consult with the client, read the relevant documents, and present the defendant's claims. Rule 604D does not say that. And Rule 604D requires counsel to consult with his or her client, read the transcript of the guilty plea, and present defects in the proceedings. What that suggests is that counsel is not at all limited by what his client or her client tells them they are supposed to be raising. The whole purpose of the consultation clause is to get feedback from the client in the first instance, what do you think the problems in the case were. Now, in this particular instance, we're talking about an open plea. So in this particular instance, Mr. Toussignac can litigate both his plea and his sentence. He is not confined to just withdrawing his plea. If he wants to litigate just his sentence, he's free to do that. However, he's not confined to that. If he has a problem with the plea, he can litigate that. And the only way we know that that consultation has occurred is the consultation clause is complied with, and the consultation clause says that counsel is supposed to consult with his or her client about any aspects, any errors in the plea or the sentence. It says defendant's contentions. Yes, correct. So if the defendant hasn't contended, does counsel have to do it? Well, that's the problem. We don't know that. Because the certificate in this case does not comply with the consultation clause, we have no idea if counsel conferred with his client. So if the certificate says I've consulted with the defendant's contentions of error in the sentence or the entry of the plea, we don't know which counsel has consulted about it. It could be either, it could be both, it could be, well, it has to be one, I guess. Well, it has to be one. Yes. And, you know, I think the wording, the word or is really given too much significance in the rule. It doesn't mean and necessarily, although if you really wanted to clear this up, this Court could amend the rule to just put and instead of or. But I think what the rule is trying to communicate is you're supposed to consult with your client about any contentions of error the client may have, either the plea or the sentence. But I don't think it means one or the other. I think you have to ask about both. But whether or not they're presented is what drives the motion. And the State's position really does, to use the metaphor from People v. Jordan, which was decided after I filed a brief in this case, and I'll talk a little more about that, is putting the cart before the horse. The State's position suggests that the content of the motion is what drives the consultation clause, and our position is exactly the opposite. It's the consultation clause that ultimately drives what is presented in the motion. If the client does not want to make any contentions of error in the plea, he doesn't have to in the context of an open plea. So we can be assured under Rule 604D that the client has at least erred any contentions he may have only if the consultation clause and the certificate says exactly that. If this certificate had said, I consulted with Mr. Toussignant about errors in the plea or sentence, we wouldn't be standing here. But because this certificate does not, this certificate will not work as Rule 604D is intended, because it's not going to stop any further litigation as to errors in the plea. If Mr. Toussignant decides or later has a contention of error in the plea, it's not going to be waived, because we don't know from this record whether or not he was ever able to err that grievance, because counsel's certificate does not exclude it. Is counsel's responsibility limited to what the defendant raises, or is there an independent, or are you suggesting there's an independent duty for counsel to search the record to see what it shows? Well, I think People v. Fitzgibbon talks about exactly that. If you are required to read the plea of guilty, even if only errors in the sentence are being litigated, that says something about what counsel is supposed to be doing. And requiring counsel to read the transcript from the plea of guilty, what that says is that counsel is supposed to be looking for constitutional defects, because a plea of guilty is where you are waiving almost all of your constitutional rights, the right to jury trial, the, you know, cross-examination confrontation. Counsel needs to look at that and see if there are any constitutional defects, because the rule also requires counsel to raise defects in the proceeding, not just the defendant's claim. So even if the client has no idea there was a defect in the proceeding, counsel's got to look at the plea of guilty to see that that's been complied with. And the actual issue in Fitzgibbon was the defendant there was trying to get the Court to read something into the rule that wasn't there, which is review the transcript of the sentencing. Now, that may be good practice and it's a good idea, but the rule doesn't say that. And there's a reason the rule doesn't say that, and the reason is counsel is supposed to be looking for constitutional defects, defects in the proceedings. So in the context of Rule 604D, then yes, counsel's got to look for things even if the client didn't tell him that, because the rule is written that way. Rule 604D is, I mean, the enforcement mechanism for Rule 604D is waiver of claims that are not presented, and the safety valve for that is the appointment of counsel or in this case retained counsel, but counsel's got to aver that he or she has looked at the things that the rule requires them to look at. And here we don't have that. We have no idea if counsel even asked Mr. Toussignan about the plea. We don't know that, but what we do know is the plain language of the rule. Yes, we do. Now, it may be that counsel spoke about the guilty plea as well as the sentence. We don't know. Because the only thing he's certified is that he did discuss in person with the defendant any contentions of error in the sentence. Correct. And that's obviously the document that he filed. In some sense, hasn't counsel complied with the literal language of this rule? Because he's asked, did he comply, did he certify that he consulted with the defendant in person to ascertain the defendant's contention of error in the sentence? Yes, he did. Period. There is an or, and that is my concern. Yes. And I believe that is what has created the litigation. And my response would be that, again, that word or in that particular clause is taken out of context and is not you have to read the rule as a whole. And you have to understand the purpose behind the rule in order to understand what that clause actually means. It's being plucked out of the context of the rule. And the context of the rule is counsel's got to look at the plea of guilty. Counsel's got to consult with the client. Counsel's got to present defects in the proceedings. And something else counsel has to do. Counsel has to certify what he did. Yes. Correct. And this lawyer certified what he did. Yes. And unfortunately, what this attorney did not do is certify what he was supposed to certify he did, which is consult his client about any errors, contentions of error in the plea or the sentence. Plea and the sentence. Or the sentence. Any errors at all. Or the sentence. Or the sentence. Any significance that the rule says either by mail or in person? I think when we think about the rule, we think about the in-person aspects of, okay, what's going on. Yes. So if there is a consultation in the terms of by mail and the defendant, he says, what went wrong? Mm-hmm. I don't like my sentence. And here's why. Then is there any significance to that? I think you can think about it a little bit better in the context of one letter in which a defendant indicates to his attorney that he has a problem with the sentence and that's why. And then a 604D said, yeah, I consulted with my client with respect to the sentence and signs off on it that way. Any significance to that or not? Would there be a further obligation with a letter to say, well, okay, you wrote to me and you indicated that you have a problem with the sentence. Do you have any issues with respect to the guilty plea? My argument would be yes. If rule 604D requires counsel to present defects in the proceedings, then, and the rule also requires counsel to look at the plea of guilty, the transcript of the plea of guilty, then that tells you that counsel probably needs to ask about that, too. Interesting exchange between Justice Freeman, who I'm sure Mr. McLeish was trying to say wrote a brilliant opinion in Fitzgibbon's, and then, but I want to focus on Evans. Okay. What about in that context? A negotiated plea in which you would have that the sentence is really irrelevant. Irrelevant. And I, if this were a negotiated plea, we'd have a problem as well, because there's been no consultation about any aspect of the plea. But in terms of what you're asking. Well, look at it from the other perspective. What about in an Evans case where it is a negotiated plea? Look at that hypothetical. Would there have to be certification as to discussions with the client regarding sentence where it's irrelevant? Under 604B. Yeah. I would say yes, simply because if it's a negotiated plea, even if the client only complains about the sentence, because contract principles apply, it's just the function of a negotiated plea that they have to withdraw the plea. But part of the consultation involved in that is counsel's got to explain that. You know. Even when it would be of no consequence. Certainly looking at it in a negotiated plea sense, you can see why the language would be or, couldn't you? In a negotiated plea sense, and I think the rule probably should have been amended to make that clearer, especially since a lot of the litigation concerning negotiated versus non-negotiated pleas occurred after this part of Rule 604D was actually drafted. Most of this language was there in 1975. But in terms of the question, I think the consultation clause says what it says, and it says counsel's got to present defects in the proceedings. And the defects for a negotiated plea would be, you know, I may have agreed to the sentence, but I've changed my mind. Therefore, I want to withdraw my plea. It's still a consultation about the sentence. It's just a different legal vehicle to get to it. So I'm not sure it makes any difference at all in terms of or. The idea is that you've got to ask your client about defects in the proceedings. A client probably isn't going to use the legalese involved. The client's going to tell you in plain English what he or she thinks the problem is. Part of the point of appointing counsel is to present those defects in a legal way to get the client the relief that the client wants. And I would point out in terms of there was one question that Mr. McLeish was asked about when counsel is appointed. I don't think that matters. If counsel is appointed in the first instance before the 30 days is up to consult and draft the motion initially, or if the defendant files it pro se and then counsel is appointed, it doesn't matter for purposes of the consultation clause when counsel does the consultation, because counsel either drafts the motion in the first instance or drafts an amended version of it to present the defects, either the counsel's got to cover the areas that need to be covered, otherwise the waiver provision of Rule 604D won't work and we will be back doing litigation time and time again. The whole point of Rule 604D is to prevent repetitive litigation, to deal with the claims in the first instance within the 30 days of the judgment so that the appellate courts aren't clogged with this and so this Court isn't clogged with it and we aren't filing PC's and 21401's and on and on and on. The safety valve for the forfeiture provision is the appointment of counsel and the assistance of counsel in presenting those claims. And the only way it can work is if counsel consults about every aspect that needs to be addressed so that waiver does not occur. And I do want to address Jordan because I didn't get a chance. It was decided after the appellee had filed a brief. But it is a case out of the Second District. It's directly on point. And I would urge this Court to adopt the reasoning of that case. It's an open plea. The motion was drafted by counsel. Averted consultation only about the sentence. And the Second District said that that isn't sufficient. That does not give us the assurance that we need that all matters have been consulted. And the argument being made in that case was the argument being made by the State here, which is if it's only about the motion to reconsider and that's all that's in the motion, then we don't have to worry about the plea. And the Second District said no. Actually, quite the opposite is true. We'll never know if the client had a complaint about the plea because this certificate does not give us the assurance that we need that all claims are being raised as it's supposed to be in Rule 604D within 30 days of the judgment. It's the enforcement mechanism. And what the State is asking for is essentially the process in reverse. And Rule 604D is not going to work as intended. I would point out as well that the 1007, the proposed change in the rule that talks about requiring the reading of the sentencing transcript if a motion to reconsider is filed, I think there's a reason it didn't pass. And that reason is that that part is also put in the conjunctive, and it's going to cause more problems than we have caused so far with this ORB because it's got another ORB in there. It's going to remove the requirement of reading the transcript of the plea of guilty. It's going to basically overrule Fitzgibbon. And there's a reason Fitzgibbon came down the way it did. There's a reason it's never been overruled. I think it's good law, it's a good policy, and this Court should stick with it. If the Court has no other questions, then we would request that the Court follow the reasoning of People v. Jordan and the reasoning of the Fourth District here. Thank you. Thank you. Any rebuttal? No. Mr. McLeish, should we amend the rule to change OR to AND? I understand what your argument is today, but would it be a better practice? Would it be a better practice to amend OR to AND? No. And the reason is the admonishments and the structure of the rule make it the defendant's obligation to raise his or her contentions of error, and that's a fine burden to place. Defendant is the one that chose to plead guilty in a very formal setting, knowing exactly why he was pleading guilty and the consequences thereof. Also, there's – I want to go back to the other layers of protection. So if – so counsel has an obligation under the rule to review the proceedings – the transcripts of the plea of guilty. If counsel finds an error there, counsel absolutely has an ethical obligation to then consult with defendant about what counsel's found. However, if the defendant chooses still not to challenge the guilty plea, I would argue that it's probably malpractice for the attorney to then nonetheless argue that the plea of guilty should be withdrawn. And that's what a purely literal reading of that last word in the amendments clause, that counsel must make any amendments to the proceedings necessary to identify any errors in the proceedings, to make any amendment to the motion necessary to identify any errors in the proceedings. Counsel can't identify errors in the proceedings of the guilty plea unless the defendant actually wants to challenge the guilty plea. That would be my contention. But the ethical obligations do plenty, and I don't see any reason to require counsel to consult about or. Another reason is if the court was going to amend the rule to say and, then the court should just amend the rule to have counsel appointed in the first instance to make sure that there's nothing defendant wants to raise. Because there's no good reason to put a defendant who challenges only this sentence in a better position with regard to the guilty plea than a defendant who has not spoken up about whether he wants to challenge anything. Further, the structure of the rule as a whole, even beginning with the first sentence, suggests that there are parallel tracks here. So, and sometimes these tracks overlap, as in with the review of the transcripts of the guilty plea. That applies in all cases. But the defendant is instructed to file either, well, is instructed to file a motion to reconsider a sentence or a motion to withdraw the guilty plea. And the different requirements flow from defendant's decision from that very first sentence. Defendant suggests that his reading of the rule would do a better job of stopping further litigation, whether it be appeals or PC petitions. And I disagree. First of all, the Rule 605 admonishments ensure that the waiver is valid. Now, regardless of the construct of Rule 604D and this Court's reading of Rule 604D, if this Court adopts the plain language of the rule and says that counsel must consult about the subject of defendant's contentions of error, and defendant wants to later say, hey, you know, I know I only raised the sentence in a motion, but I also had contentions of error about the guilty plea and I told counsel about them, well, then the remedy for that is a PC petition. But if it's the same remedy if we adopt defendant's reading of the rule and say that counsel must consult about and, defendant can always say in a PC petition, hey, you know, I actually wanted to raise this issue. So the PC petition is there either way. And if the attorney doesn't do his or her job, either way the PC petition is the only remedy. And if the defendant is going to lie about what the attorney did, either way you're going to have a PC petition. One more thing about Fitzgibbon and the requirement that counsel review the transcripts of the plea of guilty. Even if counsel is not going to amend and defendant doesn't want to challenge or withdraw his guilty plea, there's still value in reviewing the transcripts of the guilty plea proceedings because there could be a Whitefield error in there and there may be other errors relevant to sentence. So even if defendant is challenging only the sentence, there's still value in requiring counsel to review the transcripts of the guilty plea proceedings, you know, because of identifying Whitefield or other types of errors that might lessen defendant's sentence. We talked about the negotiated plea setting. If or means or in the negotiated plea setting, it has to mean or in every case. So if it produces an absurd result in the negotiated plea setting to read the rule as and, then the rule shouldn't be read as and because or doesn't produce an absurd result in any case. And I want to reemphasize that it does matter that counsel is not appointed until after the motion is filed, unless counsel has just been retained throughout. But appointment of counsel is not required until after the motion. And this Court said the same thing in the 651C context, which, as counsel noted, we, you know, the defendant is only, I'm sorry, counsel is only required to assert defendant's contentions of error. In this Court's opinion in People v. Davis, 156 Illinois 2nd, 149, it was a 1993 case, if my memory serves me correctly, this Court emphasized that if we wanted the counsel to ferret out contentions of error that defendant hasn't raised, the rule would have to call for appointment of counsel before the petition was filed, the pro se petition was filed. Unless the Court has any further questions. Thank you, Your Honors. Thank you. Case number 115329, People v. Toussaint, is taken under advisement as agenda number 5. Mr. McLeish, Ms. Benson, we thank you for your arguments this morning. Mr. Marshall, the Illinois Supreme Court stands adjourned until tomorrow morning, Wednesday, September 11, 2013, 930 a.m.